UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:12-cv-527 |
| Plaintiff, | |
| v. | Magistrate Judge Bowman |
| CONTENTS OF ACCOUNT XXX1506, IN THE NAME OF DARK WINGS, LLC, AT FIFTH THIRD BANK, 500 CHILLICOTHE STREET PORTSMOUTH, OH 45662, *et al.*, | |
| Defendants. | |

**ORDER**

This civil forfeiture action is now before the Court on Plaintiff The United States of America's motion to strike Claimants Yvonda G. Nichols and Dark Wings, LLC's ("Claimants") answer to the Complaint (Doc. 18) and Claimants' motion to amend/correct Answer to the Complaint. (Doc. 20). The parties have consented to the exercise of jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 16).

**I. Background and Procedural History**

On July 11, 2012, the United States filed a Verified Complaint for Forfeiture in Rem pursuant to 21 U.S.C. § 881(a)(6). The Court recognized jurisdiction over the defendant property and directed the Clerk to issue a Warrant for Arrest in Rem on July 19, 2012. (Doc. 5).

Pursuant to Rule G(4)(b)(i) and (ii) of the Supplemental Rules, the United States is required to send Direct Notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before

the end of time for filing a claim under Rule G(5)(a)(ii)(B).

On July 23, 2012, the United States sent Direct Notice letters and copies of the complaint by Certified and Regular U.S. Mail to potential claimants in this matter, including: Yvonda Nichols at P.O. Box 1016, Greenup, Kentucky 41144-4106, Yvonda Nichols at 3223 SR 1, Greenup, Kentucky 41144, Yvonda Nichols as Registered Agent of Dark Wings, LLC at 3223 SR 1, Greenup, Kentucky 41144, Yvonda Nichols DBA Dark Wings Noveltie Gift Shop at 8740 Ohio River Road, Wheelersburg, Ohio 45694, and Yvonda Nichols c/o Michael J. Curtis at 1212 Bath Avenue, Suite 620, P.O. Box 1455, Ashland, Kentucky 41105-1455.  (Doc. 7).

Service was perfected on Yvonda Nichols at P.O. Box 1016, Greenup, Kentucky 41144-4106, and Yvonda Nichols c/o Michael J. Curtis, Esq. at 1212 Bath Avenue, Suite 620, P.O. Box 1455, Ashland, Kentucky 41105-1455.  (Doc. 7).

On July 20, 2012, the United States published notice of the forfeiture on www.forfeiture.gov for at least thirty consecutive days, ending on August 18, 2012.  The published notice outlined the procedures for filing a claim and stated that a claim must be filed within sixty days of the first date of publication (September 18, 2012).  (Doc. 8).

On September 21, 2012, Nichols filed an Answer in this matter (Doc. 9). On October 3, 2012, Nichols filed a Claim in this matter.  (Doc. 11).  The day before, on October 2, 2012, this Court entered a Notation Order striking Nichols' Answer and Claim, and, in addition to other items, directing Nichols' counsel on how to properly re-file the documents. On October 3, 2012, Nichols re-filed the Claim and Answer.  (Docs. 12, 13).

Plaintiff's maintain, however, that the re-filed Claim and Answer continue to be deficient and non-complaint with Rule G and the Court's Order.  As such, Plaintiff now

moves to strike Nichols re-filed Claim and Answer and for default judgment for failure to comply with Supplemental Rule G(5). (*See* Doc. 18). In response to Plaintiff's motion to strike and for entry of default, Claimants filed a motion for leave to amend/correct the Answer to Complaint. (Doc. 20). Upon careful review, Plaintiff's motion to strike is denied and Claimant's motion to amend is granted, in part, consistent with the terms outlined in this Order.

## II. Analysis

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions." 18 U.S.C. § 983(a)(4)(A). To contest a government forfeiture action, a claimant must have both statutory standing in accord with CAFRA, and the Article III standing required for any action brought in federal court. *United States v. $515,060.42*, 152 F.3d 491, 497 (6th Cir. 1998) (citing *United States v. $267,961.07*, 916 F.2d 1104, 1107 (6th Cir. 1990)). Statutory standing is established through strict compliance with Supplemental Rules G(5) and G(6). *United States v. One 2001 Cadillac Deville Sedan*, 335 F.Supp.2d 769, 772 (E.D. Mich. 2004). With respect to Article III standing, a claimant must demonstrate "a legally cognizable interest in the defendant property." *Id.* (quoting *United States v. $267,961.07*, 916 F.2d at 1108). Failure to satisfy both the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action. *Id.*

Supplemental Rule G(5) (formerly Supplemental Rule C(5)) provides, in part :

(i) A person who asserts an interest in the defendant property may contest the

forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;

(B) identify the claimant and state the claimant's interest in the property;

(C) be signed by the claimant under penalty of perjury; and

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

(ii) Unless the court for good cause sets a different time, the claim must be filed:

(A) by the time stated in the direct notice letter sent under Rule G(4)(b) . . .

A claimant must then serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days after filing the claim. Supplemental Rule G(8) authorizes the Government to move to strike a claim or answer, at any time before trial, based upon a claimant's failure to comply with Supplemental Rule G(5).  Such a motion may be presented: "as a motion for judgment on the pleadings or as a motion to determine ... by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."  Supp. R. G(8)(c)(ii)(B). Generally, courts have held claimants to strict compliance with the provisions of Rule G(5). See *United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24, 26 (6th Cir.1988) (citing *United States v. Beechcraft Queen Airplane*, 789 F.2d 627 (8th Cir.1986) (affirming the striking of answer which was not preceded by verified claim)); *United States v. $2,857*, 754 F.2d 208 (7th Cir.1985) (affirming grant of summary judgment against claimant who filed claim with the Drug Enforcement Administration instead of with the district court).

"In some circumstances, however, ... courts may excuse some minor procedural

failings so long as 'the underlying goals of' the Supplemental Rules 'are not frustrated.' " *All Assets Held at Bank Julius Baer & Co.*, 664 F.Supp.2d at 102 (citation omitted). *See also Thirty-Five Firearms*, 123 Fed.Appx. at 206 (noting that "the district court has discretion to permit an extension of time or allow late filing of a verified claim") (citation omitted).

In determining whether a claimant's procedural default should be excused, a court may consider: the claimant's good faith attempts to comply with procedural requirements; the date upon which the claimant received notice of the pending forfeiture action; any requests by the claimant to amend the pleadings or for an extension of time; any reasons proffered by the claimant for the omission; and whether prejudice to the United States will result from excusing the claimant's procedural errors. *All Assets Held at Bank Julius Baer & Co.*, 664 F.Supp.2d at 102 (citing United States v. $83,686.00, 498 F.Supp.2d 21, 24 (D.D.C.2007)). *See also Thirty-Five Firearms*, 123 F.App'x at 207 (discussing similar factors the district court considered in determining whether to grant the United States' motion to strike the answer).

Here, Plaintiff argues that Claimant's Claim and Answer should be stricken because it was untimely filed,[1] was not properly verified or notarized, and did not include the attorney signature block. (Doc. 18). Claimants admit that they did not initially strictly comply with the procedure set forth in Supplemental Rule G, but assert that such deficiencies may be cured with no prejudice to Plaintiff. (Doc. 19). As such, Claimants ask the Court to deny Plaintiff's motion to strike and seek leave of Court to file a second amended Claim and Answer. Upon

---

[1] Pursuant to the Direct Notice to Nichols and her counsel, the verified claim was due within 35 days, or on August 27, 2012. Nichols did not file a Claim until October 2, 2012.

-5-

close inspection and in light of Claimants' purported good faith attempts to comply with the procedural requirements, the undersigned finds Claimants' contentions to be well-taken.

Accordingly, in the interests of justice and in an abundance of caution, Plaintiff's motion to strike (Doc. 18) is **DENIED**.  Claimant's motion for leave to file a second amended answer (Doc. 20)  is **GRANTED, in part,** and Claimants are **DIRECTED** to file a second amended Claim and Answer curing all defects outlined by Plaintiff in their motion to strike and supporting reply memorandum (*See* Docs. 18, 21) within **20 days** of the date of this Order.  Claimants' failure to comply with the terms of this Order will result in a Order by the undersigned striking the second amended Claim and Answer and directing the Clerk to Enter Default as to Yvonda G. Nichols and Dark Wings, LLC.

    **IT IS SO ORDERED.**

        *s/Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge